# UNITED STATES DISTRICT COURT
### for the
### Southern District of Illinois

# FILED

**MAR 2 4 2014**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | |
|---|---|
| Richard M. O'Donnell | ) |
| *Plaintiff* | ) |
| | ) |
| *v.* | ) |
| | ) |
| United States | ) Case Number: <u>13-cv-1238-DRH-PMF</u> |
| Internal Revenue Service | ) |
| Social Security Administration | ) |
| *Defendants* | ) |

# <u>MEMORANDUM   OF   LAW</u>
### Supporting Plaintiff's Complaint

6    Plaintiff was born in one of the fifty states under the Constitution of the

United States of America and is entitled to all of the rights and protections

guaranteed by the Constitution. Plaintiff has never knowingly or willingly

given up or surrendered any of his rights.

> **"Waivers of Constitutional Rights, not only must be voluntary,**
> **they must be knowingly intelligent acts, done with sufficient**
> **awareness of the relevant circumstances and consequences."**
> **Brady v. U.S., 742, 748  (1970)**

Defendants have elected to treat plaintiff as someone who has no rights and

have completely ignored or denied the Fourth and  Fifth  Amendment  by

seizing plaintiff's pensions and Social Security benefits without a Warrant

and without providing due process of law before taking his benefits.

Memorandum  Page    1

Plaintiff has not been informed of any Warrant based upon probable cause, supported by Oath or affirmation and describing plaintiff's retirement benefits as the property to be seized. Defendants have seized plaintiff's retirement benefits without a Warrant and in violation of his Fourth Amendment Rights.

> - - - - a forfeiture, is within the spirit or meaning of the Amendment."
> Boyd v. U.S., 116 U.S. 616   (1886)

The wording of the Fifth Amendment indicates that plaintiff should not be deprived of his property without due process of law and the due process of law would have to be provided before any property could be taken. Plaintiff was not provided with due process of law before his retirement benefits were taken and that is a violation of his Fifth Amendment Rights.

> Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury.
> Cary v. Piphus, 435 U.S. 247, 266 (1978)

> The right to a hearing embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one. Morgan v. U.S., 304 U.S. 1, 18  (1938)

> What the Constitution does require is "an opportunity- - - - - granted at a meaningful time and in a meaningful manner."
> Armstrong v. Manzo, 380 U.S. 545, 552  (1965)

Memorandum  Page   2

7      As described in paragraph 1, 2, 3, & 4 of plaintiff's Statement of Claim,

defendants are using levies to take plaintiff's pensions and Social Security

benefits. Defendants claim section 6331 of the Internal Revenue Code (IRC)

provides their authority to use the levies. Defendants served a "Notice  of

Levy" or a "Notice of Levy on Wages, Salary, and Other Income" on each of

plaintiff's pension plans and also on the Social Security Administration (SSA)

(See Exhibit 2, 4, 6, & 7). On the back of each original notice is a list of  IRC

sections under the heading "Excerpts From the Internal Revenue Code" (See

Exhibit 8). Section 6331(b) is the first of the listed excerpts and states ---The

term levy as used in this title includes the power of distraint and seizure by

any means. The unrestricted use of this IRC section against any citizen of the

fifty states would be a violation of that citizen's Fourth and Fifth Amendment

Rights under the Constitution of the United States of America. This is why the

IRC was never intended to be used as unrestricted law, applying to every

citizen and is in fact a very restricted administrative code applicable only to

government employees regardless of their citizenship. As a condition of their

employment, all government employees are under the jurisdiction of the IRC.

Defendants have omitted section 6331(a) from their list of excerpts on the

back of the  "Notice of Levy". Section 6331(a) describes who is subject to

Memorandum  Page   3

levy which includes any officer, employee, or elected official of the United

States, the District of Columbia, or any agency or instrumentality of the

United States or the District of Columbia. What is subject to levy includes

wages or salary. How the levy is to be served, the "Notice of Levy" must

be served on the employer(as defined in section 3401(d)) of the officer,

employee, or elected official. Plaintiff is not a person described in section

6331(a), does not receive any wages or salary and does not provide any

personal services as the employee of an employer(as defined in section

3401(d). Because plaintiff is not an employee and has no employer, the

levies against plaintiff have not been served according to the statutory

requirements for the lawful service of a levy under IRC section 6331(a).

IRC section 6331 is defendants only authority to serve a levy and it can only

be served on the employer of a government employee. The levies served on

plaintiff's pension plans and the SSA cannot be valid. Defendants are taking

plaintiff's retirement benefits under the color of law and in violation of his

Fourth and Fifth Amendment Rights.

8      Paragraph 1 of plaintiff's Statement of Claim describes how his Social

Security benefits are being taken with a levy authorized by IRC section 6331.

Defendants mailed a "Notice of Levy on Wages, Salary, and Other Income"

(See Exhibit 2) to the SSA office in Birmingham. This levy can only apply to the wages, salary, or income of an SSA employee and does not pretend to apply to any Social Security benefits. This levy cannot apply to the Social Security benefits of anyone because Social Security benefits are exempt from levy by federal law. Title 42 of the United States Code (U.S.C.) section 407 provides that exemption from all levies authorized by IRC section 6331.

For reasons unknown to plaintiff, the SSA official that processed the "Notice of Levy on Wages, Salary, and Other Income" in Birmingham, decided to treat plaintiff's monthly benefits as if his benefits were also wages, salary, or income and then proceeded to apply the levy to plaintiff's monthly payments that were formerly and exclusively his Social Security benefits. The SSA owes plaintiff a full Social Security benefit for every month beginning with December of 2011. The lawful authority to take any part of plaintiff's Social Security benefits simply does not exist. Plaintiff's benefits have been taken under the color of law and in violation of his Fourth and Fifth Amendment Rights.

9   Paragraph 2 of plaintiff's Statement of Claim is about a "Notice of Levy" (See Exhibit 4) that was served on plaintiff's pension plan in California. This pension plan is not a government employer and plaintiff is not a government

employee. This pension plan has never been plaintiff's employer. Defendant's only authority to serve a levy is IRC section 6331 which means their lawful authority to use levies can only apply to and is restricted to government employees, which means the "Notice of Levy" was served on plaintiff's pension plan without any lawful authority and this means the levy was never valid at any time. A valid "Notice of Levy" is only valid at the exact time it is served on the employer of a government employee and expires immediately after being served. Defendant's levy was only a pretense of a valid levy before it was served and immediately after it was served, even the pretense expired. The "Notice of Levy" was initially served under the color and pretense of law but when the pension plan worker decided to apply the levy to all of plaintiff's monthly benefits until April of 2029 and informed the defendants of that decision(See Exhibit 5), defendants remained silent while plaintiff's benefits were taken and kept without even a pretense of lawful authority. The Code of Federal Regulations(CFR) addresses this issue in Title 26, section 601.106(f)(I).

> (1) **Rule I. An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution.**

10    Paragraph 3 of plaintiff's Statement of Claim concerns the "Notice of

Levy on Wages, Salary, and Other Income"(See Exhibit 6) that was served

on plaintiff's pension plan in Alaska. IRC section 6331 is the only authority

defendants have to use a levy and that authority can only be used on a

government employee by serving the levy on the employer of the government

employee. Plaintiff is not a government employee and the Alaska Electrical

Pension Fund is not plaintiff's employer. The "Notice of Levy on Wages,

Salary, and Other Income" cannot be valid because it was not served on

plaintiff's employer(as defined in section 3401(d)). Plaintiff's pension

benefits have been taken under the color or prentense of law resulting in a

violation of his Fourth and Fifth Amendment Rights.

11    Paragraph 4 of plaintiff's Statement of Claim is about a "Notice of

Levy on Wages, Salary, and Other Income"(See Exhibit 7) that defendants

served on plaintiff's pension plan in Maryland. The only authority defendants

have to serve a levy is section 6331 of the IRC and their authority is limited

to government employees. The "Notice of Levy on Wages, Salary, and Other

Income" must be served on the employer(as defined in section 3401(d)) as

required by IRC section 6331(a). Plaintiff is not a government employee and

has never been an employee of the National Electrical Benefit Fund(NEBF).

Memorandum  Page   7

The NEBF is not a government entity and has never been plaintiff's employer. The "Notice of Levy on Wages, Salary, and Other Income" that is being used to take plaintiff's NEBF pension benefits has never been valid because it was not served according to the requirements of IRC section 6331(a). Plaintiff's pension benefits have been taken under the color or pretense of law resulting in a violation of his Fourth and Fifth Amendment Rights under the Constitution of the United States of America.

12    In paragraph 1, 2, 3, & 4 of plaintiff's Statement of Claim, he has continued to point out the fact that he is not a government employee and that defendant's only authority to use levies is restricted to government employees. In paragraph 5, plaintiff points out why defendant's authority is restricted and that will help explain why the validity of their "Notice" is 100% dependent on plaintiff being a government employee. Title 44 of the United States Code(U.S.C.) defines the Internal Revenue Service as a Federal Agency and a "Notice" issued by a Federal Agency as a document in section 1501 and in section 1505, requires each document to be published in the Federal Register in order to have general applicability and legal effect. **44U.S.C.§1507 states: A document required by section 1505(a) of this title to be published in the Federal Register is not valid as against a person who has not had actual knowledge of it until the duplicate originals or certified copies of the document have been filed with the office of the Federal Register and a copy made available for public inspection as provided by sec. 1503 of this title.**

Memorandum  Page  8

Plaintiff did not have actual knowledge of a document that provided general applicability and legal effect for the "Notices" served by defendants before they were served. The "Notices" were served as against plaintiff before being filed with the Federal Register and according to 44U.S.C.§1507 are not valid because they lack the general applicability and legal effect to be used against any citizen of the fifty states that is not a government employee. Defendant's "Notices" could only be valid against a government employee and plaintiff is not a government employee. Because the "Notices" have never been valid at any time, all of plaintiff's pensions and Social Security benefits that have been taken by defendants, have been taken under the color of law and in violation of plaintiff's Fourth and  Fifth Amendment Rights.

_March 24, 2014_
_(date)_

_RM O'Donnell_
_(Signature of Plaintiff)_

2903 Edgewood Park

Richard M. O'Donnell

Marion, Illinois   62959

Cell # 618-751-0808

Memorandum Page   9

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this ___Memorandum of Law___ was mailed/<u>delivered</u>
(Name of Document)

to ___U.S. Attorney's Office in Benton, IL___ on ___March 24, 2014___.
(Name and Address of Party/Attorney)                          (Date)


_RM O'Donnell_
Signature

_Richard M. O'Donnell_
Printed Name

## CERTIFICATE OF SERVICE

I certify that a copy of this *Memorandum of Law* was <u>mailed</u>/delivered
(Name of Document)

to *Social Security Administration, Baltimore, MD*      *March 22, 2014*
(Name and Address of Party/Attorney)                    (Date)

*RM O'Donnell*

Signature

*Richard M. O'Donnell*

Printed Name

## CERTIFICATE OF SERVICE

I certify that a copy of this _Memorandum of Law_ was mailed/delivered
(Name of Document)

to _Internal Revenue Service , Washington, DC ._ on _March 22, 2014_ .
(Name and Address of Party/Attorney)                              (Date)

_RM O'Donnell_
Signature

_Richard M. O'Donnell_
Printed Name

**Excerpts from the Internal Revenue Code**

\* \* \* \* \* \* \* \* \* \*

### Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.–Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

### Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.–Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.–A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.–Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.–The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.–Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.–Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.–In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

### Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

### Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.—
If—
(1) any property has been levied upon, and
(2) the Secretary determines that—
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States,

the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

\* \* \* \* \* \* \* \* \* \*

**Applicable Sections of Internal Revenue Code**

**6321. LIEN FOR TAXES.**
**6322. PERIOD OF LIEN.**
**6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.**
**6331. LEVY AND DISTRAINT.**
**6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.**
**6333. PRODUCTION OF BOOKS.**
**6334. PROPERTY EXEMPT FROM LEVY.**
**6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.**
**7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.**
**7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.**

For more information about this notice, please call the phone number on the front of this form.

Form **668-A(ICS)** (7-2002)

## CERTIFICATE OF SERVICE

I certify that a copy of this _____ *Exhibit   8* _____ was mailed/delivered
(Name of Document)

to *U.S. Attorney's Office in Benton, IL* on *March 24, 2014.*
(Name and Address of Party/Attorney)                          (Date)


*RM O'Donnell*
Signature

*Richard M. O'Donnell*
Printed Name

## **CERTIFICATE OF SERVICE**

I certify that a copy of this _____*Exhibit  8*_____ was <u>mailed</u>/delivered
(Name of Document)

to <u>*Social Security Administration , Baltimore, MD*</u> on _____*March 22, 2014*_____.
(Name and Address of Party/Attorney)                        (Date)


_____*RM O'Donnell*_____
Signature

_____*Richard M. O'Donnell*_____
Printed Name

## CERTIFICATE OF SERVICE

I certify that a copy of this _____ _Exhibit   8_ _____ was <u>mailed</u>/delivered
(Name of Document)

to _Internal Revenue Service , Washington, D.C._ on _March 22, 2014_ .
(Name and Address of Party/Attorney)          (Date)


_RM O'Donnell_
Signature

_Richard M. O'Donnell_
Printed Name

# **CERTIFICATE OF SERVICE**

I certify that a copy of this ___*Memorandum of Law*___ was <u>mailed</u>/delivered
(Name of Document)

to ___*Attorney General of U.S., Washington, DC.*___ on ___*March 22, 2014.*___
(Name and Address of Party/Attorney)             (Date)

*RMO'Donnell*
Signature

*Richard M. O'Donnell*
Printed Name

# <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this _____ *Exhibit 8* _____ was <u>mailed</u>/delivered
(Name of Document)

to _Attorney General of U.S. Washington, D.C_ on _____ *March 22, 2014* _____
(Name and Address of Party/Attorney)         (Date)


*RM O'Donnell*
Signature

*Richard M. O'Donnell*
Printed Name