UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD M. O'DONNELL, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> INTERNAL REVENUE SERVICE and <br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendants. | Case No. 13-cv-1238-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's order to show cause (Doc. 13) why the Court should not grant the motion to dismiss filed by the defendant United States of America (Doc. 9). Plaintiff Richard M. O'Donnell has responded to the order to show cause (Doc. 15) and to the motion to dismiss (Doc. 14). His responses are satisfactory to discharge the order to show cause.

O'Donnell filed this suit complaining that the Internal Revenue Service ("IRS") wrongfully issued levies on O'Donnell's social security and pension benefits to collect O'Donnell's unpaid federal tax liabilities. He believes the levy procedures in the Internal Revenue Code ("IRC"), 26 U.S.C. § 6331(a), authorize the IRS only to issue levies on income of federal government employees; he does not challenge the underlying tax assessment in the complaint. He asks the Court to award him compensatory damages in the amount of his benefits that have been withheld, to release all liens and levies, to order the return of money that has been taken from him, to release all tax refunds and to award him costs of this suit.

The United States, the only suable defendant in this case, *see Russell v. United States*, No. 08-cv-247-MJR, 2009 WL 236719, at *2 (S.D. Ill. Jan. 30, 2009) (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1963)), *aff'd*, 339 Fed. App'x 637 (7th Cir. 2009), asks the Court to dismiss the case on

the basis of sovereign immunity and on the basis that O'Donnell has failed to state a claim.  Both arguments are considered under Federal Rule of Civil Procedure 12(b)(6).[1]  When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

**I.  Sovereign Immunity**

The United States argues that O'Donnell's claims for release of levies and tax refunds must be dismissed because the United States has not waived its sovereign immunity from suit for such claims.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Thus, if the United States has not waived its sovereign immunity and consented to be sued, the Court does not have jurisdiction to hear claims against it.  *Meyer*, 510 U.S. at 475; *Mitchell*, 463 U.S. at 212.  The consent of the United States to be sued must be strictly interpreted since it is a relinquishment of a sovereign immunity.  *United States v. Sherwood*, 312 U.S. 584, 590 (1941).

---

[1] The Court of Appeals for the Seventh Circuit holds that sovereign immunity does not impact the Court's subject matter jurisdiction since sovereign immunity can be waived, but subject matter jurisdiction cannot.  See *Collins v. United States*, 564 F.3d 833, 837-38 (7th Cir. 2009).  Therefore, Federal Rule of Civil Procedure 12(b)(1) does not apply to sovereign immunity arguments.

The Court has original jurisdiction to hear

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1).  This is precisely what part of O'Donnell's suit is:  a civil action against the United States for the recovery of an internal revenue tax alleged to have been illegally collected through the wrongful use of a levy.  Thus, it appears the Court has jurisdiction over this case.  However, despite the Court's jurisdiction, the scope of the claims the Court can consider is limited by the extent of the United States' waiver of its sovereign immunity as set forth in the IRC.  *See United States v. Dalm*, 494 U.S. 596, 609-610 (1990) (construing IRC statute of limitations to define scope of waiver of sovereign immunity).  That waiver requires a plaintiff to have paid the tax assessed and to have filed a claim for a refund with the IRS before filing a suit in federal court to recover illegally collected taxes.  26 U.S.C. § 7422(a).  It appears from the allegations in the complaint and the documents attached to it that the IRS is still attempting to levy O'Donnell's property, which indicates O'Donnell has not paid the tax assessed and could not, therefore, have properly filed a claim for a refund.  Accordingly, the Court cannot hear this part of O'Donnell's claim.

As for O'Donnell's request that the Court order the IRS to release its liens and levies on funds that have not yet been collected, that amounts to a suit to enjoin the collection of taxes.  The United States has not waived its immunity from such suits.  On the contrary, in the Anti-Injunction Act, Congress provided that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  The Anti-Injunction Act means that taxpayers who dispute the taxes collected must do so in a suit for a refund of those taxes, not in a suit to enjoin collection of the taxes in the first place.  *Enochs*

*v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5-7 (1962).   Clearly, the Anti-Injunction Act does not express and is inconsistent with a waiver of sovereign immunity from suits to enjoin the collection of federal taxes through liens and levies.   For this reason, the United States is immune from the part of O'Donnell's suit that seeks to force the IRS to release its liens and levies of funds not yet collected.

**II.       Merits of the Claims**

Additionally, on their merits, O'Donnell fails to state a claim upon which relief can be granted.   O'Donnell's fundamental argument – that the IRS cannot issue levies on the property of those who are not federal government officers, employees or elected officials – has no merit.   *See, e.g., Sims v. United States*, 359 U.S. 108, 112-13 (1959), *James v. United States*, 970 F.2d 750, 755 n. 9 (10th Cir. 1992).   O'Donnell's argument stems from the first two sentences of 26 U.S.C. § 6331(a): the first authorizes levies upon all property of all taxpayers, and the second describes how a levy can be made on the salary or wages of federal officers, employees or elected officials.   The second sentence was in response to an earlier Supreme Court case requiring express congressional authorization to set off a federal employee's indebtedness against his salary.   *Sims*, 359 U.S. at 112-13 (citing *Smith v. Jackson*, 246 U.S. 388 (1918)).   O'Donnell fails to realize that the second sentence of § 6331(a) does not limit the IRS's power to use levies pursuant to the first sentence.   His argument is therefore frivolous.

To the extent O'Donnell claims the levies expired immediately after being served on his pension plans, that argument is frivolous as well.   While it is true that a levy is generally a one-time occurrence, a levy may seize a future stream of payments to which the taxpayer has an unqualified fixed right.   Treas. Reg. § 301.6331-1(a)(1) (noting that a levy may be issued for a current fixed and determinable right to receive payments in the future, even for non-wage or non-salary payments); Rev. Rul. 55-210; *see Bowers v. United States*, 861 F. Supp. 2d 921, 923

4

(C.D. Ill.) *aff'd,* 498 Fed. App'x 623 (7th Cir. 2012). This includes the right to receive future payments from pension plans that are not specifically exempt from levy by the IRC. *See United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009); 26 U.S.C. § 6334(a)(6) (listing specific pension plans exempt from levy). O'Donnell's pension plans are not on the IRC list, so they are not exempt from levy. O'Donnell's complaint is simply that the IRS has levied on his right to receive future social security or pension payments, and there is nothing wrong with that *per se*.

O'Donnell also claims the notices of levy are invalid because they were not published in the Federal Register pursuant to 44 U.S.C. § 1505(a). This argument is also frivolous because no law or regulation requires individual levy notices to be published in the Federal Register. *See Weigandt v. United States*, No. CY-95-3068-AAM, 1996 WL 124219, at *5 (E.D. Wash. Jan. 4, 1996), *aff'd*, 98 F.3d 1348 (9th Cir. 1996). Section 1505(a) "requires publication in the Federal Register of all documents which have general applicability and legal effect. A penalty assessed against an individual taxpayer is not within the purview of the statute." *Gass v. United States Dep't of Treas.*, No. CIV. A. 98-B-75, 1999 WL 250890, at *14 (D. Colo. Mar. 30, 1999).

Finally, in his response to the motion to dismiss, O'Donnell invokes the Federal Tort Claims Act ("FTCA") as a basis for this lawsuit and alleges that the wrongs he suffered were due to IRS employees' negligence. The FTCA is a limited waiver of the Government's sovereign immunity. It gives federal courts

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, nothing O'Donnell alleges in his complaint plausibly suggests any IRS employee was negligent and that that negligence caused O'Donnell's loss. Accordingly,

O'Donnell has failed to plead an FTCA claim.   More importantly, O'Donnell's exclusive remedy against an IRS employee who acts wrongfully in connection with the collection of taxes is a suit under 26 U.S.C. § 7433, which he has not mentioned in this lawsuit.

### III.     Conclusion

Because O'Donnell has not alleged facts plausibly suggesting he has a right to relief above a speculative level on any of his claims, as explained above, the Court:

- **DISCHARGES** its July 14, 2014, order to show cause (Doc. 13);

- **SUBSTITUTES** the United States for defendants Internal Revenue Service and Social Security Administration;

- **GRANTS** the United States' motion to dismiss (Doc. 9);

- **DISMISSES** O'Donnell's claims **with prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(6); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   October 21, 2014**

                                           s/J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**